Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile

*Attorney for Plaintiff,*
RM MEDIA LTD.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RM MEDIA LTD., <br><br> Plaintiff, <br><br> v. <br><br> DALTON WADE INC.; PHILLIP D. WADE; and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No. 8:18-cv-657-T-17CPT <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR BENCH TRIAL** |

Plaintiff, RM Media Ltd. alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because

---

1                                    COMPLAINT FOR DAMAGES

Defendants conducts business and/or resides within the State of Florida Defendants' acts of infringement complained of herein occurred in the State of Florida, and Defendants caused injury to Plaintiff within the State of Florida.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside and have a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff RM Media Ltd. ("RM Media" or "Plaintiff") is an English media company specializing in commercial and stock photography licensing.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Dalton Wade Inc. ("Defendant DW") is a corporation organized under the laws of Florida with a principal place of business at 600 1st Avenue North, Suite 303 A, St. Petersburg, Florida 33701.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Phillip D. Wade ("Defendant Wade") is an individual with a principal place of business at 600 1st Avenue North, Suite 303 A, St. Petersburg, Florida 33701.

8. On information and belief, Defendant DW is the owner and operator of the website http://www.joindaltonwade.com/ ("Defendant's Website"), which Defendant DW uses to promote its real estate business.

9. On information and belief, Defendant Wade is responsible for posting

the content on Defendant's Website.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

11. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

12. RM Media is a stock photography licensing company that specializes in commercial product photography and supplies unique images for web designers, bloggers and content writers.

13. RM Media is the assignee and sole rights holder to an original image of a clipboard bearing a mortgage application form ("Image"). Attached hereto as Exhibit A is a true and correct copy of the original Image.

14. The Image is registered with the United States Copyright Office under

registration number VAu 1-244-944.

16. RM Media offers two licensing options for consumers wishing to use its content library, including the Image.

16. Under the first option, RM Media offers the Image to consumers through its website where consumers can pay a licensing fee in exchange for use of the Image. RM Media's entire content library is available for use through a paid license.

17. Under the second option, RM Media offers a limited portion of its content library, including the Image, under a Creative Commons Attribution – ShareAlike license ("CC License"), which, *inter alia*, requires that the consumer "give appropriate credit, provide a link to the license, and indicate if changes were made." Attached hereto as Exhibit B is a true and correct copy of the terms of a Creative Commons Attribution – ShareAlike license; *see also* http://rmmedia.ltd.uk/free-images/.

18. Creative Commons licenses are developed and published by a non-profit organization that provides free, easy-to-use copyright licenses to make a simple and standardized way to give the public permission to share and use creative work online. *See* www.creativecommons.org/about/.

19. RM Media offers a limited portion of its content library through the CC License, as the required attribution directs consumers to RM Media's website enhancing its market share and directing consumers to its larger library of paid content.

20. RM Media's website contains a detailed explanation of the terms of the CC License with the disclaimer that using the images without following the terms and conditions of the license "will invalidate your license to use the image" and "may lead to an action for copyright infringement." *See* http://rmmedia.ltd.uk/free-images/.

21. On or about October 2017, RM Media discovered its Image on Defendant's Website in an article posted by Defendant Wade to promote Defendants' services. RM Media had no record of issuing a paid license to Defendants, nor did the photo give any attribution as required to qualify for a CC License. A true and correct copy of Defendants' infringing use of Plaintiff's Image is attached hereto as Exhibit C.

22. On or about October 9, 2017, Plaintiff's counsel sent a cease and desist letter to Defendants' business address informing them that they did not possess a valid license and requesting, *inter alia*, that Defendants remove the Image from Defendant's Website.

23. On or about November 20, 2017, Plaintiff's counsel called Defendants' office and spoke with Defendant Wade on the phone. When Plaintiff's counsel attempted to talk about the infringement matter, Defendant Wade stated that he was busy and requested that Plaintiff's counsel call back later.

24. On or about November 30, 2017, Plaintiff's counsel again called Defendants' office to speak about the matter and again spoke with Defendant Wade. When Plaintiff's counsel asked if Defendant Wade wished to resolve this matter,

Defendant Wade stated that he would call back later.

25. On or about December 11, 2017, Plaintiff's counsel again called Defendants' office and spoke with Defendant Wade. He stated that he was busy and scheduled a call with Plaintiff's counsel. When Plaintiff's counsel called back at the scheduled time, it went straight to voicemail, and Plaintiff's counsel left a voice message.

26. On or about December 27, 2017, Plaintiff's counsel sent additional written correspondence to Defendants' business address.

27. On or about February 28, 2018, Plaintiff's counsel again spoke with Defendant Wade. Defendant Wade confirmed receipt of the prior correspondence. Plaintiff's counsel explained that the Image was still displayed on Defendant's Website, and explained that if it was not removed, that it would likely be considered to be willful infringement.

28. As of the date of this Complaint, RM Media's Image is still displayed on Defendant's Website at http://www.joindaltonwade.com/not-buyer-loan-process/ and http://www.joindaltonwade.com/wp-content/uploads/2016/07/MortgageApp-700x467.jpg. True and correct time stamped screenshots of Defendants' continued infringing use of the Image is attached hereto as Exhibit D.

29. On information and belief, Defendants use of the Image was deliberate and willful because Defendants were informed multiple times of their infringing use of the Image and refused to remove it from Defendants' Website.

30. Additionally, despite being on notice that the Image did not contain the

requisite attribution required to qualify for a CC License, Defendants continued to distribute and display the Image knowing that the required attribution had been removed, altered, or omitted.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501** *et seq.*
**(Against All Defendants)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

33. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result. Specifically, Defendants, after having received repeated notice from Plaintiff's counsel that they did not have a valid license, continued to display the Image on Defendant's Website.

34. As a result of Defendants' violation of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b).

35. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to statutory damages in an amount up to $150,000.00 pursuant to

17 U.S.C. § 504(c).

36. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

37. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202
## (Against All Defendants)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. On information and belief, Defendants knew that the terms of the CC License required that Defendants provide proper attribution to the Image because, *inter alia*, Plaintiff's counsel sent correspondence and spoke with Defendant Wade on the phone multiple times.

40. Defendants intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

41. Specifically, on Defendant's website, Defendants continued to distribute and display the Image and have purposefully failed to provide the attribution information required to qualify for a CC License after being alerted to the unauthorized use of Plaintiff's Image.

42. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

43. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

44. Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants infringement of Plaintiff's copyright in the Image.

45. Plaintiff has sustained significant injury and monetary damages as a result of Defendants wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

46. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendants for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against each Defendant in an amount of $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against each Defendant in an amount up to $25,000.00

for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For pre and post judgment interest at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: March 12, 2018                               Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq. SBN 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*

## DEMAND FOR BENCH TRIAL

Plaintiff, RM Media Ltd. hereby demands a bench trial in the above matter.

Dated: March 12, 2018                                   Respectfully submitted,


/s/ **Melissa A. Higbee**
Melissa A. Higbee, Esq. SBN 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Attorney for Plaintiff*